UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEWSMAX MEDIA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANA NAZARIO, AN INDIVIDUAL,<br><br>　　　　　Defendant. | **Civil Action No.: _____** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

　　Plaintiff, Newsmax Media, Inc. ("Newsmax" or "Plaintiff") by its undersigned counsel, brings this action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), against YouTube uploader Ana Nazario ("Defendant"), and alleges as follows:

## PARTIES

　　1.　　Plaintiff Newsmax is a multimedia and broadcasting company that is available on all major cable systems in the U.S. and over-the-top ("OTT") streaming platforms. Nielsen ranks Newsmax the 4th highest-rated cable news channel in the U.S. Newsmax is organized and existing pursuant to the laws of the State of Florida and maintains a place of business in New York, NY, located at 805 3rd Ave, New York, NY 10022 and is licensed to do business in the State of New York.

　　2.　　Upon information and belief, Defendant Ana Nazario is an individual who operates a YouTube channel as "Vovó Faz Laços," available at: https://www.youtube.com/channel/UCesgY2-HBVkwtEv_lV1R6JA, that is available throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

3. This is a civil action for copyright infringement and violations of the DMCA arising from Defendant's willful, intentional and unauthorized copying of Plaintiff's copyrighted works. Plaintiff's causes of action arise under the Copyright Act, 17 U.S.C. §101 *et seq*.

4. Plaintiff has offices in this judicial district, it is registered to do business in the State of New York, it conducts business in this judicial district and its news videos are viewed by viewers within this judicial district.

5. On information and belief, Defendant markets, advertises and generates revenue from its infringing videos online and within this judicial district.

6. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because, on information and belief, she has subscribers in this judicial district and therefore "transacts business" in the city of New York and derives a commercial benefit from contacts within the city of New York and has caused injury to Plaintiff within the State of New York and this judicial district.

8. Additionally, this Court has personal jurisdiction over Defendant because Defendant has filed, or caused to be filed, two DMCA counter notifications in response to two DMCA takedown notices Plaintiff sent to YouTube concerning Defendant's infringing videos, and as part of its counter notification, Defendant consented "to the judicial district in which YouTube is located and will accept service of process from the claimant." Upon information and belief, YouTube has offices in this judicial district, located at: 75 Ninth Avenue, New York, NY 10011.

Case 1:25-cv-00142-JMF   Document 1   Filed 01/07/25   Page 3 of 9

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has promoted its infringing videos through an interactive website that derives revenue from viewers in this judicial district.

## NATURE OF DISPUTE

10. Plaintiff Newsmax seeks monetary and injunctive relief from Defendant Ana Nazario, who operates a YouTube channel, Vovó Faz Laços, located at https://www.youtube.com/channel/UCesgY2-HBVkwtEv_lV1R6JA, for copyright infringement and violations of the DMCA. **See Exhibit A.**

11. Defendant has published videos on YouTube that infringed Newsmax's original and copyrighted content.

12. Plaintiff submitted DMCA takedown requests to YouTube with respect to two of the infringing videos published by Defendant.

13. On or about December 12, 2024, Newsmax through its established YouTube process issued a DMCA takedown notice on the asset titled "Kash Patel inspired by reform commitment of Senators," Asset ID 573052521611952, http://www.youtube.com/watch?v=xDn2acl0Tvk (hereinafter "First Infringing Video"). **See Exhibit B.**

14. On December 20, 2024, after the close of business, YouTube notified Plaintiff that Defendant had filed a DMCA counter notification with respect to the First Infringing Video and would reinstate Defendant's First Infringing Video if Newsmax did not provide evidence of legal action against the Defendant, namely, "a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement." **See Exhibit C.**

15. On or about December 12, 2024, Newsmax through its established YouTube process, issued a DMCA takedown notice on the asset titled "BOMBSHELL: Giuliani blows the cover off the Hunter Biden 'conspiracy,'" Asset ID A758224983756488, http://www.youtube.com/watch?v=zDl18Wp6v0E (hereinafter "Second Infringing Video"). **See Exhibit D.**

16. On December 20, 2024, after the close of business, YouTube notified Plaintiff that Defendant had filed a DMCA counter notification with respect to the Second Infringing Video and would reinstate Defendant's Second Infringing Video if Newsmax did not provide evidence of legal action against the Defendant, namely "a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement." **See Exhibit E**.

## COUNT I

## COPYRIGHT INFRINGEMENT - ASSET '952

17. Plaintiff incorporates Paragraphs 1- 16 by reference as if fully incorporated herein.

18. Plaintiff is owner of the copyright in an original news video captioned: "Kash Patel inspired by reform commitment of Senators," Asset ID 573052521611952, which was published on December 12, 2024, and made available on its YouTube channel, at https://www.youtube.com/watch?v=bLPLqkakD_o (hereinafter "Asset '952"). **See Exhibit F.**

19. On January 7, 2025, Newsmax filed a federal Copyright Application, Service Request No. 1-14635551011, requesting special handling, for the audiovisual work depicted in Asset '952.

20. Defendant's First Infringing Video copies the entirety of Asset '952 and therefore infringes Plaintiff's rights in its copyright-protected work.

21. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

22. Plaintiff is entitled to temporary and final injunctive relief pursuant to 17 U.S.C. § 502.

23. Plaintiff is entitled to its actual damages and Defendant's profits pursuant to 17 U.S.C. § 504.

## COUNT II

## COPYRIGHT INFRINGEMENT – ASSET '488

24. Plaintiff incorporates Paragraphs 1-23 by reference as if fully incorporated herein

25. Plaintiff is owner of the copyright in an original news video titled: "BOMBSHELL: Giuliani blows the cover off the Hunter Biden 'conspiracy,'" Asset ID A758224983756488 (hereinafter "Asset '488"), which Newsmax published on October 15, 2020 and posted on its YouTube channel at: https://www.youtube.com/watch?v=1_t1rgjPZqc. **See Exhibit G.**

26. On January 7, 2025, Newsmax filed a federal Copyright Application, Service Request No. 1-14635844414, requesting special handling, for the audiovisual work depicted in Asset '488.

27. Defendant's Second Infringing Video copies the entirety of Asset '488 and therefore infringes Plaintiff's rights in its copyright-protected work.

28. Defendant's actions constitute willful copyright infringement pursuant to 17 U.S.C. § 501.

5

29. Plaintiff is entitled to temporary and final injunctive relief pursuant to 17 U.S.C. § 502.

30. Plaintiff is entitled to its actual damages and Defendant's profits pursuant to 17 U.S.C. § 504.

## COUNT III

### DMCA VIOLATION PURSUANT TO 17 U.S.C. §1201 (circumventing CMI)

31. Plaintiff incorporates Paragraphs 1- 30 by reference as if fully incorporated herein.

32. On information and belief, in order to upload the First Infringing Video and the Second Infringing Video, Defendant intentionally circumvented the copyright management information ("CMI") of Plaintiff without the consent or authorization of Plaintiff.

33. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1201 and is entitled to damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

## COUNT IV

### DMCA VIOLATION PURSUANT TO 17 U.S.C. §1202 (removal of CMI)

34. Plaintiff incorporates paragraphs 1 – 33 by reference as if fully incorporated herein.

35. On information and belief, to upload the First Infringing Video and the Second Infringing Video, Defendant intentionally and with knowledge that its actions were wrongful, circumvented the CMI of Plaintiff without the consent or authorization of Plaintiff. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202 and is entitled to damages, costs,

and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter an Order and Judgment granting the following relief:

1. Permanently enjoining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from:

    a. Infringing Plaintiff's copyrights in the works alleged in the Complaint, or any other copyrighted work of Plaintiff;

    b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party to: (i) copy, extract, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, or otherwise use or exploit in any manner any of Plaintiff's works alleged in the Complaint, or any other copyrighted work of Plaintiff, or portion(s) thereof: or (ii) to make available any of Plaintiff's works for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or for any other use or means of exploitation; and

    c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) and (b).

2. That third-parties providing services used in connection with Defendant's YouTube Channel, including without limitation, web hosting providers, cloud services providers, digital advertising service providers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), domain name registration privacy protection services, providers of social media services (e.g., Facebook and X (formerly known as Twitter)), and user generated and online content services (e.g., YouTube, Periscope, Flickr and Tumblr) be required to cease or disable providing such services to Defendant in relation to Defendant's YouTube Channel and/or infringement of Plaintiffs' works alleged in the Complaint or any other copyrighted work of Plaintiff;

3. That the transfer of Defendant's assets to Plaintiff, specifically including assets in any of Defendant's payment processor accounts, including but not limited to Google AdSense, Payoneer, Dwolla, Stripe, and PayPal arising from, related to, or to account for their infringement of Plaintiff's works or other monetary awards be ordered by the Court;

4. That Defendant account for and pay Plaintiff all profits realized by Defendant by reason of their unlawful acts alleged herein;

5. That Plaintiff be awarded its damages caused by Defendant's unlawful willful acts herein alleged;

6. That, pursuant to 17 U.S.C. § 505, Plaintiff be awarded its costs and attorneys' fees incurred in this action;

7. That Plaintiff be awarded pre-judgment interest on its judgment; and

8. Such other and further relief as the Court may deem equitable, proper and just.

Dated: January 7, 2025                                          **ICE MILLER LLP**

                                                      /s/ *Jacqueline M. Lesser*
Jacqueline M. Lesser
1500 Broadway, Suite 2900
New York, NY 10036
Telephone: 212.824.4940
jacqueline.lesser@icemiller.com

and

Lesley McCall Grossberg (*pro hac vice* forthcoming)
1735 Market St., Suite 3900
Philadelphia, PA  19103
Telephone:   215.982.5165
Fascimile:    215.377.5029
lesley.grossberg@icemiller.com

*Attorneys for Plaintiff*
*NEWSMAX MEDIA, INC.*